UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TYLER THOMPSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-CV-44-SNLJ |
| | ) | |
| LT. JERRY WALLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Charles Tyler Thompson, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs and Motion to Appoint Counsel. (ECF No. 2 and 4). Having reviewed the Application and financial information submitted in support, the Court will grant the request and assess an initial partial filing fee of $70.80. *See* 28 U.S.C. § 1915(b)(1). The request to appoint counsel will be denied. Additionally, the Court will require Plaintiff to file an amended complaint for the reasons set out below.

### **Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the

initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*. Even if the Court grants *in forma pauperis* status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff is a prisoner at Southeast Correction Center (SECC) in Charleston, Missouri. ECF No. 1. In support of Plaintiff's motion to proceed without prepaying fees and costs, he submitted an inmate account statement showing average monthly deposits of $294.27, and an average monthly balance of $354.02 over the six-month period prior to case initiation. ECF No. 8. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $70.80, which is twenty percent of Plaintiff's average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

3

## Complaint

On March 3, 2025, Plaintiff filed the instant civil rights action against Lieutenant Jerry Walls and Sergeant Shiloh Harden, both correctional officials at SECC. ECF. No. 1. The complaint alleges that on November 29, 2024, Plaintiff got into a verbal dispute with Defendant Harden. *Id*. at 4. Plaintiff says that during the dispute, Defendant Harden falsely claimed Plaintiff made suicidal statements. *Id*. When Defendant Walls asked Defendant Harden to clarify what suicidal statements Plaintiff made, Defendant Harden claimed Plaintiff said something along the lines of, "I'm feeling crazy." *Id*. Plaintiff protested to Defendant Walls that he did not make this statement, but even if he did, that it was not suicidal or homicidal. *Id*. Defendant Walls stated the situation was out of his control. *Id*. Plaintiff was told he would be put in restraints and taken to a "suicide cell." *Id*. Plaintiff refused to submit to restraints and a physical altercation began. *Id*. During this altercation, Plaintiff was subjected to mace. *Id.* He states he was denied eye wash and a shower, which could have mitigated his harm. *Id.* Plaintiff also alleges he had a shock glove applied to both of his legs even though he was not resisting. *Id.* Plaintiff claims he was assaulted under false pretenses "that was subjected to me by 7 officers." *Id.*

In addition to the pain and discomfort from the mace and shock glove, Plaintiff also suffers from PTSD, anxiety, depression, and nerve damage to his hands from where he was placed in restraints. *Id*. Plaintiff seeks damages in the amount of $1.5 million. *Id*. at 5.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court finds it is defective for the reasons stated below.

First, Plaintiff's complaint does not state who was involved in the physical takedown that led to his injuries. Plaintiff details his verbal altercation with Defendant Harden but provides no details about who was involved in the physical altercation. Plaintiff does not allege that either defendants deployed mace or the shock glove. He does not state who placed him in restraints, which were reportedly applied so tightly that they caused nerve damage. Plaintiff must show how each named defendant was causally linked to, and directly responsible for, a deprivation of his rights. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct"). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Second, Plaintiff brought suit against just two defendants, but he writes that he was assaulted under false pretenses by seven officers *Id.* at 4. At no point does Plaintiff identify who these other officers are, or how they are involved in this case. At another point, Plaintiff names Correction Officers Fulcher and Hancock, but he does not explain their involvement in the altercation.

Finally, Plaintiff complains about being denied eye wash and a shower after being maced. He again fails to explain how either defendant was personally involved or directly responsible for this deprivation.

### Instructions for Filing Amended Complaint

In consideration of Plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print in legible handwriting the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to him.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). For example, Plaintiff should write the name of the first defendant and in numbered paragraphs under that name state how that specific defendant violated his constitutional rights. Plaintiff should repeat this format for every named defendant. Plaintiff should *not* include any introductory paragraphs.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability

7

of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted currently. This case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $70.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 18th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE